**Electronically Filed
Intermediate Court of Appeals
30201
21-JUN-2013
08:10 AM**

NO. 30201

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE CONSERVATORSHIP AND GUARDIANSHIP OF
RUTH C. SCUPHOLM, Respondent

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CG NO. 07-1-0012)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Appellant Kathleen M.S. Mikatich (Mikatich) appeals from the "Stipulated Order Granting Petition for Approval of Final Account, Termination of Conservatorship and Discharge of Conservator, Filed February 6, 2009," which was entered on October 29, 2009 in the Circuit Court of the First Circuit (Circuit Court).[1] Mikatich asserts that the Circuit Court erred by: (1) failing to find that the conservator of Ruth Scupholm's estate had a conflict of interest in multiple proceedings pursuant to Hawaii Revised Statutes (HRS) § 560:5-423 (2006) and Rule 42 of the Hawai'i Probate Rules (HPR); (2) determining that Mikatich was not an "interested party" under HRS § 560:1-201 (2006); (3) failing to enforce HRS § 560:5-431 (2006), which requires the conservator to file a final report and petition for discharge within sixty days of the death of the protected person; (4) relying on hearsay pleadings to justify granting the conservator's petition to compromise the claims of a settlement agreement; (5) approving the settlement agreement as a compromised claim which did not benefit the protected person,

---

[1] The Honorable Colleen K. Hirai presided.

diminished her estate, and prevented her estate from being opened pursuant to HRS § 560:5-425 (2006); (6) not finding that Chester Scupholm was the victim of undue influence by a non-related, third party and that he was not mentally incompetent at the time by reason of repeated strokes and heavy medication thereby voiding the new will; (7) not finding that Chester Scupholm's bank accounts held in joint tenancy with Ruth Scupholm were severed and extinguished when Chester Scupholm unilaterally closed their joint accounts; and (8) allowing the conservator and the other parties to reverse their positions regarding the validity of Chester Scupholm's will in violation of the doctrine of judicial estoppel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Mikatich's points of error as follows:

(1) As a preliminary matter, Appellees Karen Meredith (Meredith) and Jeffrey Moreira (Moreira) contend that Mikatich's opening brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4). They point out that Mikatich fails to (1) state where in the record the errors occurred; (2) provide a quotation of the grounds urged for the objection and the full substance of the evidence admitted or rejected when the point involves the admission or rejection of evidence; or (3) provide either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions when the point involves a finding or conclusion of the court or agency. Mikatich's observation that the brief contains numerous record citations misses the point: HRAP Rule 28(b)(4) requires specific information to be provided and the opening brief does not contain it. While Mikatich accurately states that her brief is not as bad as those in the cases cited by Meredith and Moreira, it does not follow that Mikatich's brief complies with HRAP Rule 28(b)(4).

Pursuant to HRAP Rule 28(b)(4), points not presented in accordance with the section may be disregarded, and none of Mikatich's asserted points of error comply with the rule. Accordingly, it is within the court's discretion to disregard the opening brief. See Sprague v. Cal. Pac. Bankers & Ins. Ltd., 102 Hawai'i 189, 195, 74 P.3d 12, 18 (2003).

On the other hand, Hawai'i courts are reluctant to dispose of a case on such grounds, even when multiple violations appear in an opening brief. See, e.g., Housing Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999) (addressing the merits of certain issues even though the appellant's opening brief did not comply with HRAP Rules 28(b)(1), (b)(3), (b)(4), or (b)(9)). Instead, the Hawai'i judiciary "has consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Morgan v. Planning Dept., 104 Hawai'i 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994)). Also supporting a decision on its merits, Meredith and Moreira do not state that they were prejudiced by Mikatich's failure to comply with HRAP Rule 28(b)(4). See Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawai'i 201, 212, 166 P.3d 961, 972 (2007) (noting that appellees did not claim prejudice as part of its determination to not dismiss the appeal for failing to comply with HRAP Rule 28(b)(4)).

However, Mikatich's counsel -- Gary Y. Shigemura, Randall N. Harakal, Joyce M. Brown, and Stuart M. Cowan -- are warned that, pursuant to HRAP Rule 51, future non-compliance with HRAP Rule 28(b) may result in sanctions against them.

(2) All of Mikatich's points of error hinge on her being an "interested person," as defined by HRS § 560:1-201,[2] in Ruth Scupholm's estate because Mikatich otherwise lacks standing

---

[2] Section 560:1-201 states that an "'interested person' includes heirs, devisees, children, spouses or reciprocal beneficiaries, creditors, beneficiaries, and any others having a property right in or claim against a trust estate or the estate of a decedent, ward, or protected person."

to bring the lawsuit. See In re Estate of Damon, 109 Hawai'i 502, 512, 128 P.3d 815, 825 (2006); see generally Waters of Life Local Sch. Bd. v. Charter Sch. Review Panel, 126 Hawai'i 183, 186, 268 P.3d 436, 439 (App. 2011). Given the terms of HRS § 560:1-201, Mikatich's contention that she is an "interested person" in Ruth Scupholm's estate depends on Mikatich establishing that she has a property right in or claim against the estate.

In an earlier related proceeding, this court affirmed the Circuit Court's denial of Mikatich's motion to intervene in a lawsuit resolving a dispute regarding Ruth Scupholm's estate because Mikatich failed to establish that any property owned separately by Chester Scupholm (Ruth Scupholm's deceased husband and Mikatich's father) was the subject of the lawsuit. Meredith v. Rapisora, 127 Hawai'i 241, 277 P.3d 335, No. 29148, 2012 WL 1951329, at *3 (App. May 31, 2012) (sdo). We further observed that the proper place for Mikatich to assert her interests in Chester Scupholm's estate was the separate probate proceeding regarding his estate which was then pending and in which she was represented by counsel. Id. Similar reasoning applies in this case. To have a property interest in or claim against Ruth Scupholm's estate, Mikatich first must establish that she has an interest in some property that passed to Ruth Scupholm's estate from Chester Scupholm's estate. As this court stated in the earlier related case, probate issues related to Chester Scupholm's estate are properly raised in a probate proceeding for Chester Scupholm's estate. Id.; see generally HRS § 560:3-107 (2006).

Moreover, a Hawai'i Supreme Court decision addressing the parameters of an "interested person" supports the conclusion that Mikatich is not an "interested person" in Ruth Scupholm's probate proceeding. In Damon, the decedent's will provided for a distribution of income generated by a trust and then, after the last death of the decedent's then-living children and grandchildren, the distribution of the corpus of the trust. 109 Hawai'i at 505, 128 P.3d at 818. In relevant part, one of the

4

decedent's grandchildren sought to participate in a probate controversy regarding the distribution of the corpus of the trust but the court determined that the grandchild lacked standing. Id. at 511, 128 P.3d at 824. The grandchild argued that she had standing because (1) she was an "interested person" under HRS § 560:1-201 and (2) her estate planning (i.e., how much she planned to bequeath to her children) would depend on how much of the trust corpus would be inherited by her children. Id. The Hawai'i Supreme Court rejected the grandchild's argument, holding that she fell outside the scope of HRS § 560:1-201 and lacked standing as an interested party to participate in the determination of the residuary beneficiaries of the trust because she did not have a property right or claim against the estate and her interest was too distant to the specific subject of the probate proceeding. Id. at 512, 128 P.3d at 825; see also In re Estate of Campbell, 106 Hawai'i 453, 459 106 P.3d 1096, 1102 (2005) (holding that an "interested person" only includes those with a financial interest in an estate). In other words, Damon requires an individual to have a present property interest or claim in the property that is the subject of the probate proceeding. As applied to the instant case, Mikatich acknowledges that there are numerous questions -- all pertaining to Chester Scupholm's estate -- that would have to be answered before she would be able to establish that she has a claim against Ruth Scupholm's estate.

Finally, Mikatich's legal citations are not persuasive. Notwithstanding Mikatich's conclusory assertion to the contrary, the facts in In re Estate of Girod, 64 Haw. 580, 645 P.2d 871 (1982), are not similar to the facts in this case because, in Girod, the individuals who did not receive notice were the heirs of the decedent whose will was offered for probate in the underlying proceeding. 64 Haw. at 580-81, 645 P.2d at 871-72. Here, neither Chester Scupholm's estate nor his will is the subject of the probate proceeding from which Mikatich appeals and Mikatich does not argue that she is Ruth Scupholm's heir. Accordingly, Girod does not support Mikatich's contention that

the Circuit Court erred in its determination that Mikatich is not an interested party in the probate proceedings dealing with Ruth Scupholm's estate.[3] Mikatich's citation to Campbell is not apposite because a presumption regarding judicial openness only relates to access to proceedings, not standing to participate. The out-of-jurisdiction cases cited by Mikatich are not controlling and do not provide any insight into whether Mikatich is an "interested person" with a present property claim against Ruth Scupholm's estate.

Therefore,

IT IS HEREBY ORDERED that the appeal from the Circuit Court of the First Circuit's October 29, 2009 "Stipulated Order Granting Petition for Approval of Final Account, Termination of Conservatorship and Discharge of Conservator, Filed February 6, 2009," is dismissed.

DATED: Honolulu, Hawai'i, June 21, 2013.

On the briefs:

Gary Y. Shigemura,
Randall N. Harakal, and
Joyce M. Brown,
for Interested
Party/Appellant.

Lyle S. Hosoda,
Raina P.B. Gushiken, and
Kevin T. Morikone,
for Interested
Parties/Appellees Karen L.
Meredith, Individually, and
Jeffrey Moreira, Individually.

Mitzi A. Lee
for Interested Party/Appellee
Karen L. Meredith, as Personal
Representative of the Estate
of Ruth Scupholm.

Presiding Judge

Associate Judge

Associate Judge

---

[3] To the extent Mikatich's argument pertains to being entitled to notice regarding the settlement agreement, the notice issue was determined in the earlier proceeding before this court. See Meredith, 2012 WL 1951329, at *3-*4.